United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

v.                                     NO. 3:16-cr-134-J-34PDB

**ROSHAWN ANDERSON,**

    *Defendant.*

---

# Order

Roshawn Anderson has sent a letter to the clerk requesting a copy of the docket and the sentencing transcript, explaining he is in the process of preparing a motion under 28 U.S.C. § 2241 and does not want the motion deemed frivolous. Doc. 84. With the letter, he includes an application to proceed without paying fees or costs, representing that he has no assets. Doc. 84-1. Judgment was entered on August 8, 2017. Doc. 79. He did not file a direct appeal or a motion under 28 U.S.C. § 2255, and no transcript of the sentencing hearing was ordered.

An indigent federal prisoner has no absolute constitutional right to a free copy of court records for a collateral proceeding. *United States v. MacCollom*, 426 U.S. 317, 327 (1976) (plurality). "The established rule is that the expenditure of public funds is proper only when authorized by Congress[.]" *Id.* at 321.

Congress has authorized a free copy of court records in 28 U.S.C. § 2250 and a free copy of transcripts in 28 U.S.C. § 753(f). Section 2250 provides, "If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the

United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." Section 753(f) provides:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)[.]

Neither statute authorizes the United States to pay for a copy of court records or a transcript if no proceeding is pending. *See Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (holding that a "federal prisoner is not entitled to obtain copies of court records at government expense [under § 2250] for the purpose of searching the record for possible error"); *Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964) (holding that the "statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation").

Because no proceeding is pending, the Court **denies without prejudice** Mr. Anderson's request and application, Doc. 84.

**Ordered** in Jacksonville, Florida, on November 27, 2018.

Patricia D. Barksdale
United States Magistrate Judge